GARY S ROSE #83744
CHARLES B. PERKINS #126942
SUSAN D. PELMULDER #234731
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399-4566
Email: cbperk@earthlink.net

Attorney for Plaintiffs
CAROLYN MESSINA, FRANK J. MESSINA
and KATHI BROCKMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROLYN MESSINA, FRANK J. MESSINA and KATHI BROCKMAN<br><br>Plaintiffs<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br>*(29 U.S.C. §1132 (a)(1)(B))* |

Plaintiffs allege:

1. Plaintiffs Carolyn Messina and Frank J. Messina are, and were at all times mentioned herein, residents of the County of Santa Clara, State of California, in the above-captioned judicial district.

2. Plaintiff Kathi Brockman is, and was at all times mentioned herein, a resident of the County of Los Angeles, State of California.

3. Defendant Federal Insurance Company (hereinafter "Federal") is a corporation organized and existing under and by virtue of the laws of the State of

Indiana, and is an insurance company duly authorized to transact the business of insurance in the State of California.

4. Federal is a member of the Chubb Group of Insurance Companies, which includes Chubb & Son, Inc., and Chubb Accident and Health. To the extent that these entities and their employees were involved in this matter, they acted on behalf of Federal.

5. The Teledyne Technologies Incorporated Employee Benefit Plan (hereinafter "the Plan",) is an Employee Benefit Plan established pursuant to the Employee Retirement Income Security Act of 1974, *29 U.S.C. §1001, et sec* ("ERISA").

6. The Plan offers employees of Teledyne Technologies Incorporated and its subsidiaries various benefits, including Voluntary Accident Insurance. The Voluntary Accident Insurance benefits provided pursuant to the Plan are insured by Federal under policy number 6475-25-33. ("the Policy").

7. Decisions respecting payment of benefits under the Policy and responses to appeals of denials of benefits due under the Policy are made by Federal, which is the Claims Administrator for benefits due under the Plan for the Voluntary Accident Insurance component.

8. This court has original jurisdiction of this matter under *29 U.S.C. §1132(e)* as an action brought pursuant to *29 U.S.C. §1132(a)(1)(B)*.

9. Venue is proper under *29 U.S.C. §1132(e)(2)* as the breach took place in Santa Clara County, and Federal may be found in this district.

10. Frank R. Messina (hereinafter "Mr. Messina") was employed as an engineer by Cougar Components Corporation. In about 2005, Teledyne Technologies Incorporated purchased Cougar Components Corporation, and it was then operated as a subsidiary of Teledyne Technologies Incorporated, referred to as Teledyne-Cougar.

Page 2
COMPLAINT (*29 U.S.C. §1132*)

11. Employees of Teledyne-Cougar, including Mr. Messina, became beneficiaries of the Plan.

12. Upon becoming a beneficiary of the Plan, Mr. Messina elected to become covered under the Policy.

13. Carolyn Messina (hereinafter "Mrs. Messina") is the wife of the late Mr. Messina. Frank J. Messina is the son of Mr. and Mrs. Messina, and Kathi Brockman is the sister of Mr. Messina. All Plaintiffs are beneficiaries under the Policy.

14. Plaintiffs are informed and believe that a true and correct copy of the insurance certificate issued in connection with Mr. Messina's enrollment in the Policy is attached hereto and incorporated herein as **Exhibit 1**.

15. The Policy provided for payment to the beneficiaries of Mr. Messina in the event of his accidental death, in the sum of $750,000.00, plus additional benefits, such as the payment of COBRA costs to maintain health insurance, an educational expense benefit for Frank J. Messina, in-hospital benefits, psychological therapy benefits and a spouse employment training benefit. Plaintiffs bring this action to recover said benefits.

16. On September 24, 2012, Mr. Messina was a beneficiary of the Plan, and was insured by the Policy.

17. On September 24, 2012, Mr. Messina continued to perform the duties of his occupation at Teledyne-Cougar.

18. On September 24, 2012, Mr. Messina fell while at work, fracturing his right hip. He was taken to El Camino Hospital and diagnosed with an intertrochanteric fracture. On September 29, 2012, he had an open reduction and internal fixation of his hip.

19. Upon his discharge from El Camino Hospital on October 5, 2012, he was transferred directly to Woodlands Healthcare Center, a skilled nursing facility. While at Woodlands, he was generally reported to be alert with no cardiac or

respiratory distress, but was unable to make any significant progress in recovering from his broken hip. Throughout his stay, he needed one or two persons to assist with bed mobility, and a lift was needed for transfers, which was true through November 7, 2012, the day before his death.

20. On November 7, 2012, although nurses generally reported that he was alert and oriented, Mrs. Messina observed that he was not very responsive that afternoon. At about 11:40 p.m., he requested a bedpan and something to drink. At approximately 11:45 p.m., he activated his call light, and sometime thereafter a nurse entered his room. Despite having no respiratory problems previously noted, he was found to be in respiratory distress with a weak pulse. Despite full efforts to revive him, he was pronounced dead in the early morning of November 8, 2012.

21. In the Woodlands Healthcare Center discharge summary, his physician, Dr. Chen, wrote that over the course of Mr. Messina's stay at the facility, "Patient's condition continued to deteriorate. Patient was kept comfortable. Patient expired peacefully."

22. On November 21, 2012, the Santa Clara County Coroner issued a Certificate of Death, certifying that Mr. Messina's death was due to an accident, and indicating that the immediate cause of Mr. Messina's death was "complications of right hip fracture" due to a fall. It lists other significant conditions of diabetes, arteriosclerotic cardiovascular disease, and end-stage renal disease. No autopsy was performed.

23. Mrs. Messina submitted a claim to Federal. Federal obtained a report from a Dr. Michael Greenberg, dated May 4, 2013, who opined, "there were no objective clinical findings supporting the notion that this was an accidental death." He speculated that Mr. Messina's hip may have broken <u>before</u> the fall, due to his other medical conditions. In a Supplemental Report, dated May 17, 2013, Dr. Greenberg advised Chubb that the hip fracture probably did contribute to Mr.

Messina's death.

24. At the time of Dr. Greenberg's report, the Coroner's Amended Report and Amended Certificate of Death had not yet been issued. Also, the records from Woodlands Healthcare Center in Federal's file were incomplete.

25. On June 21, 2013, Federal denied the claim, contending that the loss could not be considered an accident. Alternatively, it contended that the loss is barred under the policy's "disease or illness" exclusion, which states that death must be due to an accident, independent of pre-existing illnesses.

26. On July 12, 2013, the Office of the Medical Examiner for the County of Santa Clara issued a Notice of Completion of Post Mortem Examination, a Report of External Examination and an Amended Certificate of Death. The Report of External Examination noted bruising around the lower abdominal wall associated with the surgical scar on his right hip, which was still evident some five and a half weeks following his surgery. The Coroner again listed the primary cause of death as complications of right hip fracture, with the manner of death determined to be an accident. A Coroner's finding as to the cause of death is presumed to be correct. *California Health and Safety Code §103550.*

27. Plaintiffs submitted a complete medical history for Mr. Messina, commencing with his fall, the Coroner's reports, the Amended Certificate of Death, and Dr. Greenberg's reports to John C. Hiserodt, M.D., PhD, FCAP, a consulting pathologist. Dr. Hiserodt prepared a report dated October 21, 2013. His opinion is that the fall was accidental because Mr. Messina tripped over his own legs while using the men's room. He found that Dr. Greenberg's suggestion that his injuries were caused by a fracture of the hip prior to, and not as a result of, his fall was not supported by any factual data and was purely speculative. Dr. Hiserodt noted that there was no evidence in the medical records that Mr. Messina's other medical conditions contributed to his death, and agreed with the medical examiner that Mr.

Messina's death was caused by an accidental fall and could not be explained by any pre-existing medical conditions.

28. Plaintiffs' submitted an appeal of the June 21, 2013 denial, including a complete medical history for Mr. Messina commencing with his fall, the reports from the Santa Clara County Coroner's office, and the Declaration of Mrs. Messina and Dr. Hiserodt's report.

29. By letter dated December 23, 2013, Federal denied Plaintiffs' appeal.

30. The Plaintiffs contend that the fall directly and proximately lead to Mr. Messina's death. The burden of proof to show that excluded conditions were the legal cause of Mr. Messina's death is on Federal, and it lacks the evidence necessary to meet that burden. Plaintiffs raised these issues in their timely appeal, and have exhausted their administrative remedies.

31. Plaintiffs contend that their claim should be reviewed by Court *de novo* because the Plan does not grant discretion to Federal.

32. This claim should be reviewed by the Court *de novo* because California Insurance Code §10110.6 bans discretionary clauses in life and disability insurance policies such as the Policy as issue.

33. If the Court finds that this claim should be reviewed pursuant to the "abuse of discretion" standard, Plaintiffs contend the Court should apply a heightened scrutiny to Federal's actions, because this is an insured plan, creating an inherent conflict of interest, and Federal acted on the conflict of interest.

34. Federal's denial of the Plaintiffs' claim and appeal were unreasonable, in as much as there is no proof that Mr. Messina's fall was anything other than accidental, and Mr. Messina never recovered from the fall. His health steadily declined from the date of his fall to the moment of his death, and there is no evidence his other medical conditions caused or contributed to his death.

35. As a result of the actions of Federal, acting as the Plan's Claims

Administrator for benefits due under the Policy, Plaintiffs have been wrongfully deprived of an Accidental Death benefit in the amount of $750,000.00, plus valuable additional benefits, as described hereinabove.

36. Plaintiffs contend they are entitled to reasonable attorneys' fees and costs pursuant to *29 U.S.C. §1132(g)(1)*.

37. Pursuant to *29 U.S.C. §1132(a)(1)(B)*, Plaintiffs bring this action to recover benefits due to them under the terms of the Plan, and to enforce their rights under the term of the Plan.

WHEREFORE, Plaintiffs pray judgment against Defendant as follows:

1) For an Order requiring Defendant to pay Accidental Death benefits in the amount of $750,000.00 to Plaintiffs as their interests may appear for the accidental death of Mr. Messina, and interest on said benefits from November 8, 2012 until payment thereof;

2) For all additional benefits provided in the Policy, as the Plaintiffs' interests may appear, and interest on said benefits;

3) For reasonable attorneys' fees and costs; and

4) For such other and further relief as the Court may deem just and proper.

DATE: August 5, 2014                    FLYNN, ROSE & PERKINS


By___/s/ Gary S. Rose_____
   GARY S. ROSE
   CHARLES B. PERKINS
   SUSAN D. PELMULDER
   Attorneys for Plaintiffs
   CAROLYN MESSINA, FRANK J. MESSINA and KATHI BROCKMAN